IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr306

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TYVONE M. SMITH | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the defendant's Motion to Revoke Detention Order, pursuant to 18 U.S.C. § 3145(b). (Doc. No. 37).

I.  BACKGROUND

On September 1, 2010, the defendant was arrested pursuant to a petition alleging violations of his supervised release. (Doc. No. 36: Executed Arrest Warrant). The petition alleges that on June 1, 2010, the defendant was arrested on state charges of possession of ten individually wrapped rocks of crack cocaine, possession of drug-packaging paraphernalia, and possession of cocaine with intent to sell and deliver within 1,000 feet of a school. (Doc. No. 32: Petition).

A hearing was held on September 3, 2010, to determine whether there was probable cause for the allegations and whether the defendant should be released pending a final hearing on the petition. The government presented evidence that the defendant was at his grandmother's house when local police arrived to execute a search warrant. Officers observed the defendant run from the front porch and head around the side of the house. As the defendant complied with a command to get down, an officer saw him defendant pull an item out of his pocket and hide it behind a wooden fence post near his right side. The officer located the item which was a plastic bag containing nine individually wrapped rocks of what appeared to be crack cocaine. The

officer found another individually wrapped rock in the defendant's right front pocket. According to police reports, that location is within 1000 feet of a school. The defendant did not present any evidence, and the magistrate judge found probable cause for the allegations.[1]

Regarding detention, the counsel for the defendant argued that the defendant had complied with the terms of his supervised release for nearly two years, that he runs an at-home business, that he mentors children through his church, and that he coaches in a Christian youth basketball league; therefore, he is not a flight risk or danger to the community. The government argued that the nature of the offenses alleged in the petition showed that the defendant is a danger to the community. The magistrate judge ordered the defendant detained. (Doc. No. 35: Order).

II. STANDARD OF REVIEW

A district court is required to make an independent, de novo determination when acting on a motion to review a magistrate judge's pretrial detention order. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989); United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings, or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490-91.

Accordingly, the Court has reviewed the entire record in this case, including audio recording of the probable cause and detention hearing held before the magistrate judge and the

---

[1] The defendant has not challenged that ruling.

defendant's motion to revoke the detention order. The Court finds that the defendant has not established the need for an additional evidentiary hearing and that the magistrate judge correctly found that the defendant should be detained pending resolution of his case.

III. DISCUSSION

According to Federal Rule of Criminal Procedure 32.1(a)(6), the defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. While the defendant rightly notes that he presumed innocent of the new charges (Doc. No. 37: Motion at 3), the Court is required to consider the nature and circumstances of the offenses charged, including whether they involve a controlled substance, and the weight of the evidence against him. 18 U.S.C. § 3142(g)(1), (2).

Here, substantial evidence was presented at the hearing[2] that the defendant was present at a family member's residence that was the target of a search warrant. Upon the approach of uniformed officers, the defendant not only attempted to flee, but he also attempted to hide nine individually wrapped rocks of suspected crack cocaine. Such packaging is indicative of drug trafficking, United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002), which is recognized as a danger to the safety of the community, United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985). Additionally, the defendant has previously been convicted of possession with intent to sell and deliver a controlled substance. (Doc. No. 32: Petition at 6). Against the weight of this information, the defendant's presentation of his good conduct fails to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.

---

[2] In reviewing the information presented before the magistrate judge for purposes of the instant motion, the Court makes no determination regarding the disposition of the allegations pending in the petition.

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Revoke Detention (Doc. No. 37) is **DENIED**.

Signed: January 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge