UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv199
(3:04cr306)

| | |
|---|---|
| TYVONE SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** comes before the Court on Petitioner's motion to vacate, set aside, and correct sentence under 28 U.S.C.§ 2255. (Doc. No. 1).

Petitioner raises claims regarding his attorney's performance during a supervised release hearing. However, he is currently pursuing a direct appeal in his criminal case. (4th Cir. Case No. 11-4233). It is possible that appeal could resolve issues raised in the § 2255 motion. Therefore, Petitioner's motion to vacate is premature. See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because direct review relief may render moot the issues also raised on collateral review); Walker v. Connor, 72 F. App'x 3 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending); and Rules Governing Section 2255 Proceedings, Rule 5 advisory committee note (stating the orderly administration of criminal law precludes considering a § 2255 motion while appeal is pending absent extraordinary circumstances).

**IT IS, THEREFORE, ORDERED THAT**:

1. The instant motion to vacate (Doc. No. 1) is **DISMISSED without prejudice**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: May 10, 2011

Robert J. Conrad, Jr.
Chief United States District Judge